IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |  |
|---|---|---|
| | * | |
| SHEILA JOHANSSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.: CBD-13-2171 |
| | * | |
| PRINCE GEORGE'S COUNTY | * | |
| PUBLIC SCHOOLS, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |
| | * | |
| | * | |
| | ****** | |

**MEMORANDUM OPINION**

Before this Court is Defendant Prince George's County Educators' Association's Motion

to Dismiss for Lack of Subject Matter Jurisdiction (the "Motion to Dismiss") (ECF No. 37) and

Plaintiff's Opposition to Motion to Dismiss / Motion to Remand (the "Motion to Remand") (ECF

No. 38). The Court has reviewed the Motions, related memoranda, and applicable law. No

hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below,

the Court **DENIES** the Motion to Dismiss and **GRANTS** the Motion to Remand.

I.      **Factual and Procedural Background**

Sheila Johansson ("Plaintiff") began working as a special education teacher with the

Prince George's County Public School system in 1993. The same year, she began paying dues to

the Prince George's County Educators' Association ("Defendant"). In 1996, she changed jobs

within the school system and became a Crisis Intervention Resource Specialist. Her job involved

occasionally restraining children. Plaintiff alleges that on October 1, 2010, while on the job, she

sustained a knee injury when she collided with a coworker and that this injury rendered her

unable to perform the restraints that were part of her job.  She further alleges that she requested a

reasonable accommodation, but was told by Defendant and its employees that there was "no

reasonable accommodation nor alteration of her current position that should or could be

requested."  ECF No. 21.  Finally, she alleges that she was constructively discharged by the

school system on October 12, 2012.

On or about February 28, 2013, Plaintiff filed federal and state-law claims against both

her employer and Defendant in the Circuit Court for Prince George's County, Maryland.  On

July 26, 2013, Defendant's motion to remove the case to this Court was granted.  On July 7,

2014, this Court dismissed all of Plaintiff's federal-law claims against Defendant.  ECF No. 29.

Plaintiff subsequently voluntarily dismissed all claims against her employer.  ECF No. 36.  The

parties agree that the only remaining claim is Plaintiff's claim of negligent misrepresentation

against Defendant.  Both parties also agree that this is a state-law claim.

In the Motion to Dismiss, Defendant argues that because the only remaining claim is a

state-law claim, this Court does not have jurisdiction, and the proper remedy is to dismiss the

case entirely.  In the Motion to Remand, Plaintiff similarly argues that this Court does not have

jurisdiction, but argues that the proper remedy is for this Court to remand to state court.

## II.     Standard of Review

Under the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it

lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  If

a case has been removed from state to federal court, "[i]f at any time before final judgment it

appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28

U.S.C. § 1447(c).

District courts have subject matter jurisdiction over three types of claims.  They have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331(a).  They also have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between," parties that are sufficiently geographically diverse.  28 U.S.C. § 1332(a).  Finally, in "any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  A district court "*may*," but is not required to, "decline to exercise supplemental jurisdiction" over a related claim if it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c) (emphasis added).

## III.   Discussion

### a)  The District Court has subject matter jurisdiction over the state-law claim and may hear the claim, dismiss it, or remand it.

Plaintiff and Defendant both argue that this Court lacks subject matter jurisdiction over the remaining state-law claim.  Plaintiff premises its argument on 28 U.S.C. § 1447(c); Defendant on Federal Rule 12(h)(3).  Both relate to situations in which the court wholly "lacks subject matter jurisdiction" over a claim.  28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).  The former mandates that if the case was previously removed from state to federal court and "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  The latter mandates that, in all other situations where "the court determines" subject matter jurisdiction is lacking, "the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

However, this Court *has* subject matter jurisdiction over Plaintiff's state-law claim for negligent misrepresentation.  At the time of the filing of Plaintiff's Complaint in this Court, this Court had original, federal question jurisdiction over Plaintiff's claim for discrimination under the Americans with Disabilities Act as a "civil action[] arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331(a).  Plaintiff's state-law claim for negligent misrepresentation was "so related" to her federal-law claim under the Americans with Disabilities Act that it formed part of the same "case or controversy."  28 U.S.C. § 1367(a).  Both claims involved allegations that Defendant and the school district, and their respective employees, conspired in failing to provide information that would have allowed Plaintiff to access a reasonable accommodation.  This Court thus had supplemental jurisdiction over the state-law claim.  This supplemental jurisdiction was not lost when the federal-law claims were dismissed.  As 28 U.S.C. 1367(c) makes clear, this Court "may" decline to exercise supplemental jurisdiction now that it "has dismissed all claims over which it has original jurisdiction," but it is not required to do so.  28 U.S.C. § 1367(c).  Moreover, the Supreme Court recently explained that "[w]ith respect to supplemental jurisdiction in particular, a federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise," and that a "district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely *discretionary*."  *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (emphasis added).  Because this Court has not yet declined to exercise its supplemental jurisdiction, it retains subject matter jurisdiction.

Nonetheless, Plaintiff argues that because all federal-law claims have been dismissed, the case must be remanded.  Defendant argues that, for the same reason, the case must be dismissed.  However, the Supreme Court has reviewed the question of "whether a federal district court has

discretion under the doctrine of pendent jurisdiction to [dismiss or] remand a properly removed

case to state court when all federal-law claims in the action have been eliminated and only

pendent state-law claims remain." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 345 (1988).

The Court has ruled that "a district courts *has discretion* to [dismiss or] remand to state court a

removed case involving pendent claims." *Id.* at 357 (emphasis added).  The Court has noted,

further, that "the doctrine of pendent jurisdiction . . . is a doctrine of flexibility, designed to allow

courts to deal with cases involving pendent claims in the manner that most sensibly

accommodates a range of concerns and values." *Id.* at 350.  These principles are now codified in

the statutory expressions of "supplemental jurisdiction" under 28 U.S.C. 1367(c), which was

enacted in 1990.

Based on binding Supreme Court precedent and federal statutory law, this Court is not

required either to dismiss or to remand this case to state court, and may determine a case-

appropriate course of action.

b)  **Remand is the appropriate course of action in this case.**

The Supreme Court has explained that the doctrine of pendent jurisdiction "is designed to

enable courts to handle cases involving state-law claims in the way that will best accommodate

the values of economy, convenience, fairness, and comity." *Carnegie-Mellon*, 484 U.S. at 351.

Regarding economy, the Court has explained that "[a]ny time a district court dismisses, rather

than remands, a removed case involving pendent claims, the parties will have to refile their

papers in state court, at some expense of time and money" and "the state court will have to

reprocess the case" with similar costs. *Id.* at 353.  The Court has further explained that "this

consequence, even taken alone, provides good reason to grant federal courts wide discretion to

remand." *Id.*  The Fourth Circuit has held in two cases where all federal-law claims were

withdrawn or dismissed, and only state-law claims remained, that this Court should remand. *Arrington v. City of Raleigh*, 369 Fed. Appx. 420, 423 (4th Cir. 2010) (holding that where, *inter alia*, "the sole federal claim supporting the district court's original jurisdiction was dismissed voluntarily . . . we fail to see why a federal district court would elect to retain jurisdiction," and ultimately remanding the case); *Waybright v. Frederick County, MD*, 528 F.3d 199, 209 (4th Cir. 2008) (holding that "[w]ith all its federal questions gone, there may be authority to keep [this case] in federal court under 28 U.S.C. §§ 1467(a) and 1441(c) (2000), but there is no good reason to do so," and ultimately remanding the case).  This Court has remanded a case *sua sponte* after a plaintiff withdrew all federal-law claims and only state-law claims remained, holding that Fourth Circuit "precedent strongly urges this Court to decline to exercise supplemental jurisdiction" in such a case.  *Estate of Briggs v. Dep't of Safety and Corr. Serv. Div. of Corr.*, No. 11-2664, 2012 WL 1044486, at *1 (D. Md. 2012).

As in *Carnegie*, *Arrington*, *Waybright*, *and Estate of Briggs*, in this case, all federal-law claims have been dismissed and only state-law claims remain.  *Carnegie-Mellon*, 484 U.S. at 351; *Arrington*, 69 Fed. Appx at 423l; *Waybright*, 528 F.3d at 209; *Estate of Briggs*, No. 11-2664, 2012 WL 1044486, at *1.  As those courts did, this Court shall decline to exercise supplemental jurisdiction over the remaining state-law claim.  In the interest of economy and to avoid forcing Plaintiff to refile and the state court to re-process the case, this Court will remand to the state court.

## IV.      Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss, **GRANTS** Plaintiff's Motion to Remand, and remands the case to the Maryland state courts for all further proceedings.


December 10, 2014                                                          /s/
                                                           Charles B. Day
                                                           United States Magistrate Judge


CBD/sdh